UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ROBBIE JOSHUA CONVERSE,

                              Petitioner,

v.

UNITED STATES OF AMERICA.

Criminal Action No. 3:08–CR–116-1
Civil Action No. 3:11–CV–623

**MEMORANDUM OPINION**
**(Dismissing § 2255 Motion as Untimely)**

THIS MATTER is before the Court on Petitioner Robbie Joshua Converse's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for Writ of Habeas Corpus ("§ 2255 Motion") (ECF No. 40). For the reasons below, the Court will DENY Converse's § 2255 Motion.

## I.    BACKGROUND

On March 5, 2009, Converse was charged in a fourteen-count indictment charging him with Conspiracy, in violation of 18 U.S.C. § 371 ("Count 1"); Bank Fraud, in violation of 18 U.S.C. § 1344 ("Counts 2-6 and 8"); Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A ("Counts 7 and 9"); and Possessing and Uttering Forged Securities, in violation of 18 U.S.C. § 513(a) ("Counts 10-14"). On June 13, 2008, Converse pled guilty to the Bank Fraud charge in Count 4 and the Aggravated Identity Theft charge in Count 7. At sentencing on September 16, 2008, this Court sentenced Converse to thirty-six (36) months on the Bank Fraud charge and twenty-four (24) consecutive months on the Aggravated Identity Theft charge.

On September 16, 2011, Converse filed this § 2255 Motion. (ECF No. 40). The Government filed its response on November 3, 2011. On March 6, 2012, Converse filed a Motion for Status of Motions as well as an additional § 2255 Petition. On July 3, 2012, Converse Filed a Letter Motion to Lower the Years of Supervised Release.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence if: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A claim that does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). To show that a denial of the § 2255 motion would result in a miscarriage of justice, the petitioner must show actual innocence by clear and convincing evidence. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

Petitions for collateral relief pursuant to § 2255 are subject to a one-year limitation period. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* A conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States,* 537 U.S. 522, 524–25, 532, (2003).

The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough,* 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock,* 513 F.3d 128,133 (4th Cir. 2008), and subject to equitable tolling, *United States v. Prescott,* 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson,* 209 F.3d 325, 328 n.1 (4th Cir. 2000)). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 648 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *see also United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

### III. DISCUSSION

Converse argues that his § 2255 Motion should be deemed timely because the waiver of his right to appeal in his plea agreement was vague as to his right to file a § 2255 Motion. Further, Converse asserts that it is this Court's responsibility to ensure that he understood his ability to file such a Motion. In the alternative, Converse presents three cases that he argues provide a new right that applies retroactively to his case on collateral review: *United States v. Baty*, 980 F.2d 977 (5th Cir. 1992), *United States v. Aitch*, 352 F. App'x 788 (4th Cir. 2009),[1] and *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). The Government argues that Converse's § 2255 Motion is barred by the applicable one-year limitations period.

Converse's § 2255 Motion is untimely under 28 U.S.C. § 2255(f) and not subject to equitable tolling. Under § 2255(f)(1), a motion under § 2255 must be filed within one year of

---

[1] Converse does not supply proper citations to *United States v. Cynthia Baty* and *United States v. Aitch*. In any event, these cases are not dispositive regarding the tolling of Converse's § 2255 Motion because they are not Supreme Court cases.

3

"the date on which the judgment of conviction becomes final." This Court sentenced Converse and entered a judgment of conviction on September 16, 2008. Converse did not file a notice of appeal within ten days after his sentencing, and therefore, his conviction became final on September 26, 2008. *See Clay,* 537 U.S. at 524–25, 532. Converse did not file his § 2255 Motion until September 13, 2011, approximately three years after his conviction was finalized. *See Houston v. Lack,* 487 U.S. 266, 270 (1988) (holding an inmate's document is deemed filed as of the date it is deposited in the prison mailing system). Converse's § 2255 Motion is therefore untimely under § 2255(f)(1).

Converse's claim for relief asserts that he received ineffective assistance of counsel when his attorney failed to challenge the validity of his guilty plea at sentencing or on direct appeal. Converse asserts that his § 2255 Motion is timely under § 2255(f)(3) in light of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). However, since the limitation period for the newly recognized right would be construed under 28 U.S.C. § 2255(f)(3), the one-year period would have begun on May 4, 2009, the date of the *Flores–Figueroa* decision. *See Dodd v. United States*, 545 U.S. 353 (2005). Converse's § 2255 Motion, filed over 16 months later on September 16, 2011, is untimely. As such, Converse's § 2255 Motion will be DENIED.

IV. **CERTIFICATE OF APPEALABILITY**

A district court that enters a final order denying a § 2255 motion must grant or deny a Certificate of Appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Supreme Court has held "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail."

4

*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). For the reasons stated fully above, no law or evidence suggests that Petitioner has satisfied § 2253(c) such that he is entitled to further consideration of his claims. Accordingly, the Court will DENY a Certificate of Appealability.

V.   **CONCLUSION**

For the above reasons, Converse's § 2255 Motion will be DENIED. A Certificate of Appealability will also be DENIED. Should Defendant desire to appeal this Order, a written notice of appeal must be filed within sixty (60) days of the date of entry hereof. Failure to file a written notice of appeal within that period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this \_\_25th_____ day of March 2014.